SAMUEL S. WEED *vs.* THOMAS S. CLOGSTON & others.

By a written contract C. agreed " to build for W. six machines," for a certain sum " each," and " as fast as finished, to place them for sale," and " out of the proceeds pay himself for the cost of building the same," and pay to W. " the balance of the funds which may remain in the hands of C. after he is reimbursed for the cost of building the said machines as above." In an action by W. against C. for an alleged balance in C.'s hands under the contract after all six machines were built but five only sold, *Held,* that C. was not bound to settle for the proceeds of each machine separately, leaving unpaid his work and expenses on the other machines; and that, although W. might treat the contract as executed and recover any balance existing in his favor, yet in computing such balance C. was entitled to reimbursement for the cost of building the unsold machine.

CONTRACT against the copartnership of Clogston, Parker & Gordon, for a balance of money alleged to remain due to the plaintiff, after demand, in the hands of the defendants, out of the proceeds of the sales of five of six sole-cutting machines built by them under a written contract signed by the parties and running as follows :

" We, Clogston, Parker & Gordon, hereby agree to build for Samuel S. Weed, six sole-cutting machines from patterns furnished by him, for the sum of one hundred and fifty dollars each, the work to be well executed in every respect, and the machines to be delivered in complete working order; that we will proceed with the work immediately and complete the job as soon as possible under the superintendence and general direction of the said Weed, for which service there shall be no charge by him. As fast as the said machines are finished it is hereby agreed by the said Weed that the said Clogston, Parker & Gordon shall place the same for sale in the hands of Edward Arnold, or any other suitable party or parties as may be agreed, and that the said agent or agents for the sale of the said machines shall account to the said Clogston, Parker & Gordon, who may out of the proceeds of the sale of said machines pay themselves for the cost of building the same as above. We also hereby agree that the balance of the funds which may be in the hands of the said Clogston, Parker & Gordon after they are reimbursed for the cost of building the said machines as above shall be paid to the said Weed or his order, on demand."

The defendants filed an account in set-off for the price of building six machines according to the agreement, and royalty paid on patents for the machinery, and internal revenue taxes, and other items of cost of the machines, for which they claimed reimbursement.

In the superior court the case was sent to an auditor, whose report was made part of the agreed facts; and it appeared thereby that the parties entered into the contract set forth in the declaration, and in pursuance of it the defendants built for the plaintiff six machines, one of which remained unsold, the others having been sold, three through Edward Arnold, and two through the plaintiff himself; that out of the proceeds the sum of eleven hundred and ten dollars, in all, came into the defendants' hands (eight hundred and ten dollars from Arnold, three hundred dollars from the plaintiff); and that on the account in set-off one thousand and twenty dollars was due to the defendants, in which amount the auditor included the contract price of building only five of the machines, not making any allowance for the sixth, for the reason that it had not been sold at the time of bringing this action.

Judgment was thereupon ordered for the defendants, on the ground that the action was prematurely brought; and the plaintiff appealed.

*J. C. Kimball,* for the plaintiff.

*J. C. Converse,* for the defendants.

WELLS, J. Nothing in the contract can warrant the construction contended for by the plaintiff, that the defendants are bound to settle for the proceeds of each machine separately, and pay over the excess above the cost of that machine, leaving unpaid their work and expenditures upon other machines under the same contract. It is only "the balance that may be in their hands," after they are "reimbursed for the cost of building the said machines as above," that is to be paid over to Weed. The construction contended for should be adopted only upon language clearly indicating that such was the intent of the parties; whereas the language of this contract seems to us clearly to indicate the contrary.

As the defendants had completed the manufacture of the six machines, and had no interest in the machine that remained unsold, except for the purpose of their reimbursement, the plaintiff may be entitled to treat the contract as executed, and recover any balance in his favor that was in the hands of the defendants at the date of his writ. But he could recover only the balance after the defendants are reimbursed for all their claims under the contract. Allowing them what they are entitled to receive upon the whole contract for the six machines, all of which had accrued before the action was brought, there would be nothing due to the plaintiff, but a considerable balance against him due to the defendants.

The judgment for the defendants must therefore be affirmed, even if the ground on which it was so rendered in the superior court cannot be sustained as strictly correct.